UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
SUNNY PAMASWAMY DE WAKAR              )    Case No. 07-12557-SSM
                                      )    Chapter 11
                Debtor                )

**MEMORANDUM OPINION**

The question before the court is whether a chapter 11 debtor in possession—who is separated from his spouse, but is not subject to any court or agency order, or separation or property settlement agreement, for the payment of spousal or child support—is required to give his spouse the special notices mandated by the Bankruptcy Code for holders of "domestic support obligations." The United States Trustee, who asserts such notice is required based on the common-law duty of support even in the absence of a court order or separation agreement, raised the issue at a chapter 11 status conference held on November 19, 2007.[1] Although the court directed the debtor to amend his schedules to list his wife as the holder of a contingent claim and to give her notice of the bankruptcy filing,[2] the court took under advisement the question of whether a separated spouse is the holder of a domestic support obligation in the absence of an order or agreement for the payment of support. For the reasons stated, the court

---

[1] § 105(d), Bankruptcy Code, allows a bankruptcy court to hold "such status conferences as are necessary to further the expeditious and economical resolution of the case."

[2] The docket reflects that the debtor did so on November 29, 2007.

1

concludes that a common-law duty of support, standing alone, does not constitute a domestic support obligation as that term is defined in the Bankruptcy Code.

## Background

Sunny Pamaswamy De Wakar ("the debtor") is a software developer. He filed a voluntary petition in this court on September 17, 2007, for reorganization under chapter 11 of the Bankruptcy Code and has remained in possession of his estate as debtor in possession. At the time the petition was filed, the debtor was separated from his wife, who resides in the former family home with the three children of the marriage. According to the testimony at the status conference, no suit for divorce has been instituted, no court proceedings have been brought to establish spousal or child support, no order has been entered requiring payment of support, and the parties have not entered into a separation agreement or property settlement agreement. The debtor testified that he is currently earning $10,000 per month as a consultant and that he sends $4,000 per month to his wife. No payments are currently being made on the mortgages against the house, but the debtor testified that his intention is to propose a plan that would pay the arrears over time once he starts receiving what he anticipates will be a greatly increased income stream after the current software project he is working on comes to fruition. The debtor did not include his wife on the list of creditors, and she was not given formal (or possibly even actual) notice of the chapter 11 case.

## Discussion

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23 ("BAPCPA") significantly enhanced the status of spousal and child support

creditors. In the process, a new term, "domestic support obligation," was created to describe such claims. Specifically, a domestic support obligation is defined as:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title . . . that is—
> (A) owed to or recoverable by—
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) *established or subject to establishment* before, on or after the date of the order for relief . . . *by reason of applicable provisions of*—
> (i) *a separation agreement, divorce decree, or property settlement agreement*;
> (ii) *an order of a court of record*; or
> (iii) *a determination made* in accordance with applicable nonbankruptcy law *by a governmental unit*; and
> (D) not assigned to a governmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

§ 101(14A), Bankruptcy Code (emphasis added). Not only did BAPCPA elevate domestic support obligations from seventh to first-level priority, but special notices were required to be given to the holders of such claims by the trustee or, in a chapter 11 case, the debtor in possession. Relevant to the present dispute, a chapter 11 trustee must, "*if . . . there is a claim for a domestic support obligation*," provide "written notice to the holder of the claim . . . of such claim and of the right of such holder to use the services of the State child support enforcement agency . . . for assistance in collecting child support during and after the case . . . ; and . . . the address and telephone number of such State child support enforcement agency." § 1106(c)(A), Bankruptcy Code. Additionally, the trustee must provide written notice of the claim and the

3

name, address, and telephone number of the holder of the claim to the state child support enforcement agency. § 1106(c)(B), Bankruptcy Code. Finally, at such time as the debtor is granted a discharge, the trustee must notify both the holder of the claim and the state child support enforcement agency of the granting of the discharge, the debtor's last known address, the last known name and address of the debtor's employer, and the name of each creditor holding certain types of non-dischargeable claims or claims that the debtor reaffirmed. § 1106(c)(C), Bankruptcy Code. If a trustee has not been appointed, these duties devolve upon the debtor in possession. § 1107(a), Bankruptcy Code.

The plain language of Section 101(14A) requires that a debt, in order to fall within the definition of a "domestic support obligation" be "established ... by reason of applicable provisions of— (i) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of a court of record; or (iii) a determination made . . . by a governmental unit." An obligation that is "established" is one that has been fixed as to amount and timing of payments. While it is certainly true, as the United States Trustee argues, that any parent owes his or her minor children, and may owe his or her spouse, a common-law duty of support,[3] it is difficult to see how such an obligation can in any meaningful sense be said to have been "established" in the absence of an agreement or court order.

The United States Trustee has not cited any case in which a common-law duty of support, standing alone, has been held to constitute a domestic support obligation within the meaning of

---

[3] *McLaugherty v. McLaugherty*, 180 Va. 51, 65, 21 S.E.2d 761 (1942) ("In Virginia, the rule prevails, even in the absence of statute, that it is the common-law duty of a father to support his infant child."); *Williams v. Williams*, 188 Va. 543, 549 50 S.E.2d 277, 279 (1948) (stating that a wife's right to secure separate maintenance "is based upon the common-law duty of a husband to support his unoffending spouse").

4

the statute. The court's own research has likewise not found any such case. Since the effective date of BAPCPA, only a handful of cases dealing with domestic support obligations have been decided. In one case, the court held that joint indebtedness on credit card debt that had not yet been divided between the debtor and his wife in pending divorce proceedings was *not* a domestic support obligation. *In re Deemer,* 360 B.R. 278 (Bankr. N.D. Iowa 2007) . The remaining cases all involved obligations arising from a court order or separation agreement. *In re O'Brien,* 339 B.R. 529 (Bankr. D. Mass. 2006) (addressing fee awards entered by divorce court in post-divorce litigation); *In re Tyler,* 2007 WL 1234932 (Bankr. E.D. Va. 2007) (addressing support payments fixed by order of state court); *In re Reid,* 2006 WL 2077572 (Bankr. M.D.N.C. 2006) (addressing claims filed by local child support enforcement agencies). No court, so far as the court can determine, has held that a domestic support obligation exists absent a formal determination or agreement fixing the amount and timing of payments. Indeed, to recognize the existence of a domestic support obligation based solely on a common-law duty of support would render at least some of the BAPCPA provisions for such claims unworkable unless bankruptcy courts were to usurp the expertise and jurisdiction of the state courts and become tribunals of first instance to determine the appropriate amount and timing of support payments. To take but a single example, one of the grounds for dismissal of a chapter 11 case is "failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition." § 1112(b)(4)(P), Bankruptcy Code. Suppose such a motion were brought in the present case and the evidence at the hearing established that the debtor had paid his wife $4,000 each month since the filing of the petition. Could the case nevertheless be dismissed because this court thought the debtor, based on his common-law duty of support,

ought to be paying $5,000 a month instead? Such intrusion by this court into an area of law traditionally and wisely reserved to the state courts would be extraordinary, to say the least.

The debtor's wife is of course free, without hindrance from the automatic stay, to bring a proceeding in state court to establish the appropriate amount of child or spousal support. § 362(b)(2)(A)(ii), Bankruptcy Code. And once an order is actually entered, or an agreement signed, determining the proper amount, there is no question that the amount so "established" would become a domestic support obligation. Until such time as the obligation is established, however, the debtor's spouse, while she may well have a contingent or unliquidated claim in the bankruptcy case, is not the holder of a domestic support obligation as that term is defined in the Bankruptcy Code.

A separate order will be entered denying the motion to require that the debtor give his wife and the state child support agency the notices specified by § 1106(c)(1)(A) and (B), Bankruptcy Code.

Date: _____         _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge

Copies to:

Sunny Pamaswamy De Wakar
8544 Bauer Drive
Springfield, VA 22152
Debtor in possession

Christopher S. Moffitt, Esquire
218 North Lee St., 3rd Floor
Alexandria, VA  22314-2631
Counsel for the debtor

Jack Frankel, Esquire
Office of the United States Trustee
115 South Union St., Suite 210
Alexandria, VA  22314